UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MICHAEL PELLETIER,                          )
                                            )
              Petitioner,                   )
                                            )
       v.                                   )        1:06-cr-00058-JAW-01
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
              Respondent.                   )

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

Having reviewed and considered the Magistrate Judge's recommended decision, in addition to addressing Mr. Pelletier's three subsequently filed supplements and amendment, the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his recommended decision and in this Order, and determines that no further proceedings are necessary and denies Mr. Pelletier's 28 U.S.C. § 2255 petition.

## I.    PROCEDURAL HISTORY

On July 19, 2007, Mr. Pelletier was convicted of, *inter alia*, conspiracy to distribute 1,000 kilograms or more of marijuana. (ECF No. 280). Based upon Mr. Pelletier's prior drug-trafficking convictions he was sentenced to life in prison. (ECF No. 382). The First Circuit Court of Appeals affirmed the sentence. (ECF No. 663). Following the United States Supreme Court's denial of Mr. Pelletier's petition for a writ of certiorari on May 29, 2012, he

timely filed a 28 U.S.C. § 2255 petition on May 24, 2013. (ECF No. 682). On July 10, 2013, this Court granted Mr. Pelletier's motion to amend his petition. (ECF No. 688).

On June 17, 2014, the United States Magistrate Judge filed with the Court his recommended decision. (ECF No. 712) (*Rec. Dec.*). In his decision, the Magistrate Judge recommended that: (1) the Court grant Mr. Pelletier's two pending motions to amend (ECF No.'s 690 and 710), (2) the Court dismiss Mr. Pelletier's amended motion for habeas relief under 28 U.S.C. § 2255 (ECF No. 691) (*Am. Mot.*), (3) the Court deny a certificate of appealability pursuant to Rule 11 of the rules governing 28 U.S.C. § 2255 cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2), and (4) the Court dismiss Mr. Pelletier's motion for discovery as moot. (ECF No. 708). Mr. Pelletier filed his objections to the recommended decision on July 28, 2014. (ECF No. 715). The Government filed a renewed motion for summary disposition, consistent with the recommended decision, on March 19, 2015. (ECF No. 729).

Following the Magistrate Judge's recommended decision, the Court permitted Mr. Pelletier to file two additional motions to supplement his amended § 2255 motion, the first on December 29, 2014, (ECF No. 718) (*Pet'r's First Mot. to Suppl.*), and the second on April 6, 2015. (ECF No. 730) (*Pet'r's Second Mot. to Suppl.*). The Government filed a response to the first motion to supplement on March 19, 2015, (ECF No. 729) (*Resp't's First Resp.*),

2

and a response to the second on April 27, 2015. (ECF No. 731) (*Resp't's Second Resp.*). Additionally, Mr. Pelletier filed a motion to amend his amended § 2255 motion on January 14, 2015. (ECF No. 722) (*Pet'r's Mot. to Amend*). The Government filed an objection to the motion on February 4, 2015. (ECF No. 723) (*Resp't's Obj.*).

## II. DISCUSSION

### A. Waiver

After the Magistrate Judge issued his recommended decision, Mr. Pelletier filed two motions to supplement his objections, which the Court granted, and a motion to amend his petition, which the Court grants in this Order. If Mr. Pelletier did not make an argument before the Magistrate Judge, he may not raise it here. *Borden v. Sec'y of Health and Human Serv.*, 836 F.2d 4, 6 (1st Cir. 1987) ("Appellant was entitled to a de novo review by the district court of the *recommendations to which he objected*, however he was not entitled to a de novo review of an argument never raised") (emphasis in original) (internal citations omitted). In other words, the parties must take before the Magistrate Judge "not only their 'best shot' but all their shots." *Singh v. Superintending Sch. Comm.*, 593 F. Supp. 1315, 1318 (D. Me. 1984).

A motion referred to a magistrate judge for recommended decision is not a trial run and as a matter of practice, a litigant must present a magistrate judge with the same arguments and authority that he presents

the district judge; otherwise, the magistrate judge is at a disadvantage and the litigant has an incentive to hold back, review the magistrate judge's reasoning and tailor arguments to the district judge. Nevertheless, Mr. Pelletier is serving a life sentence, and although he should have previously explicated the supplemental and amended arguments to the magistrate judge, the Court has reached his substantive contentions.

**B.    First Motion to Supplement**

Mr. Pelletier's December 29, 2014 motion to supplement provides additional legal authority and arguments regarding: (1) alleged ineffective assistance of counsel for failure to request a jury instruction on multiple conspiracies or variance, (2) alleged ineffective assistance of counsel by failing to strike Adam Hafford's trial testimony, and (3) alleged prosecutorial misconduct by allowing Mr. Hafford's inconsistent testimony. *Pet'r's First Mot. to Suppl.* at 1-6.

**1.    Alleged Error Regarding Multiple Conspiracy or Variance Jury Instruction**

Mr. Pelletier cites the Eighth Circuit decision of *United States v. Jackson*, 696 F.2d 578 (8th Cir. 1982) in support of his claim that there was insufficient evidence to prove "a single overall conspiracy" existed, and that instead he only "employed independent contractors to perform specific tasks" relating to his marijuana importation and distribution enterprise. *Pet'r's First Mot. to Suppl.* at 2-3. Specifically, Mr. Pelletier contends that his counsel provided ineffective assistance, as the record lacked sufficient

evidence to prove that there were interactions among his coconspirators towards a common goal in order to show that a "single overall agreement unified the parties."  *Id.* at 2 (citing *Jackson*, 696 F.2d at 584).

The Court is unpersuaded.  The recommended decision properly dealt with this issue, finding that this Court's jury instruction[1] addressed any issues regarding multiple conspiracies or variance.[2]  *Rec. Dec.* at 30. Moreover, *Jackson* lacks the impact suggested by Mr. Pelletier.  *Jackson* involved an arsonist recruited by a number of individuals in what amounted to unrelated arson conspiracies.  *Jackson*, 696 F.2d at 584.  Here, there is ample evidence in the record to show that Mr. Pelletier's coconspirators were well aware of each other and that they worked towards a common aim and purpose.[3]

---

[1]     The Court gave the following instruction in Mr. Pelletier's trial:

> For you to find Mr. Pelletier guilty of conspiracy, you must be convinced that the Government has proven each of the following things beyond a reasonable doubt: First, that the agreements specified in the indictment, and not some other agreement or agreements, existed between at least two people to import marijuana and/or possess with the intent to distribute and distribute marijuana; and, second, that Mr. Pelletier willfully joined in those agreements.

*Tr. of Proceedings* 218:8-15 (ECF No. 413).
[2]     "No further instruction was needed; Petitioner was not charged with a cocaine offense, the evidence was clear that he was not involved in cocaine importation, and both the indictment and the verdict form involved marijuana, not cocaine."  *Rec. Dec.* at 30.  *See also United States v. Balthazard*, 360 F.3d 309, 316 (1st Cir. 2004) ("As we have explained, multiple conspiracy is not a defense unless it creates a reasonable doubt about whether the defendant is guilty of the charged conspiracy").
[3]     The evidence of Mr. Pelletier's coconspirators' awareness of one another is substantial:

> [a]s explained in prior briefing, Cyr testified about her role in the conspiracy by, *inter alia*, collecting drug proceeds from Easler, Fogg, Dubois, Pascucci and Hafford and also about having met the Canadian suppliers (Bernard and

In addition, Mr. Pelletier's argument against the existence of the overall conspiracy spurs his assertion that "it was error to sentence the petitioner based on the total quantity of all marijuana sales . . ." and that at a minimum, resentencing is required, using only the highest quantity of marijuana ascribed to a "specific customer" to establish the "base offense level." *Pet'r's First Mot. to Suppl.* at 4. Thus, Mr. Pelletier questions the sufficiency of the evidence to conclude that he was guilty of the charge of conspiring to import and to possess with intent to distribute 1,000 kilograms or more of marijuana. *See Jury Verdict* (ECF No. 280). The First Circuit already resolved this issue, concluding that sufficient evidence did exist.[4] *United States v. Pelletier*, 666 F.3d 1, 12 (1st Cir. 2011); *see also Rec. Dec.* at 22. This Court is duty bound to accept the First Circuit's judgment.[5]

---

Roger). Pelletier told Cyr that Easler was distributing marijuana for him and bringing the drugs into the United States across the river. Easler himself made the same admissions to his brother (Dan Easler) and later to Adam Hafford when the two were in jail together. Easler also told his girlfriend (Erica Fox) that he and Dionne were doing drug deals for Pelletier and Fox also met Roger. Dubois confirmed having met Cyr to deliver proceeds and also met Easler, who distributed Pelletier's marijuana to Dubois for further distribution . . . . After Easler stole a substantial amount of cash from Pelletier, a concerted effort by Pelletier, Cyr, Dionne and Roger, among others, followed to recoup Pelletier's loss. Pelletier himself told Hafford about Easler's role in the conspiracy and theft of Pelletier's proceeds and recruited Hafford to assist in recouping that loss. Hafford, too, met Pelletier's Canadian suppliers, who provided the drugs to be ferried across the river to Pelletier. Hafford also distributed Pelletier's marijuana to Dionne and collected drug proceeds from him.

*Resp't's First Resp.* at 7-8 (internal citations omitted).

[4]   "Sufficient evidence existed for a reasonable jury to have found beyond a reasonable doubt that Pelletier conspired to import and possess with the intent to distribute 1,000 kilograms or more of marijuana." *United States v. Pelletier*, 666 F.3d 1, 12 (1st Cir. 2011).

[5]   *See Davis v. United States*, 417 U.S. 333, 346 (1974) (Regarding § 2255 petitions "the appropriate inquiry [is] whether the claimed error of law [is] 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether '[i]t . . . present[s]

### 2. Alleged Ineffective Assistance of Counsel by Failing to Move to Strike Adam Hafford's Testimony

Mr. Pelletier also claims ineffective assistance of counsel for the failure to move to strike Adam Hafford's trial testimony based on his alleged perjury as to the quantity of marijuana he transported for Mr. Pelletier.  *Pet'r's First Mot. to Suppl.* at 4-6.  However, Mr. Pelletier has offered no support that a motion to strike Hafford's trial testimony would have been successful.[6]  *Id.* at 4-6.   Moreover, as previously addressed in this Order, the First Circuit resolved this issue, concluding that there was sufficient evidence as to the drug quantity.  *Pelletier*, 666 F.3d at 12.  Again, this Court is duty bound to accept the First Circuit's judgment.

### 3. Alleged Prosecutorial Misconduct by Failing to Correct Adam Hafford's Testimony

Regarding Adam Hafford's inconsistent statements, Mr. Pelletier submits that the Government committed prosecutorial misconduct by allowing Mr. Hafford to "testify to matters different from prior grand jury testimony."  *Pet'r's First Mot. to Suppl.* at 6.  However, as the recommended decision states, "[d]espite Hafford's exaggerations, the record is devoid of evidence that the Government knowingly presented perjured testimony."  *Rec. Dec.* at 13.

---

exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (internal citations omitted).

[6]   Mr. Pelletier's argument is based on the fact that Mr. Hafford's grand jury testimony is inconsistent with his trial testimony.  *Pet'r's First Mot. to Suppl.* at 4-6.  However, as the Government notes, witnesses may offer testimony that conflicts with testimony given in a different adjudicatory proceeding.   *See* Fed. R. Evid. 801(d)(1)(A) (a witness's prior inconsistent statement given under penalty of perjury is not hearsay).

Furthermore, the additional caselaw offered by Mr. Pelletier on this point does not persuade the Court to find otherwise.  Mr. Pelletier cites *United States v. Higa*, 55 F.3d 448 (9th Cir. 1995) to support the proposition that the Government "must" give witnesses who have given perjured grand jury testimony "use immunity" before they testify at trial.  *Pet'r's First Mot. to Suppl.* at 6.  However, the First Circuit has noted that the decision whether to grant a witness immunity is within the prosecution's discretion.[7]  *United States v. St. Michael's Credit Union*, 880 F.2d 579, 598 (1st Cir. 1989).

Likewise, Mr. Pelletier's reliance on *United States v. Treadwell*, 594 F. Supp. 831 (D.C. 1984) to support the notion that "an investigation must establish which version" of a witness's testimony is correct is flawed.  *Pet'r's First Mot. to Suppl.* at 6.  Indeed, the district court in *Treadwell* found that "the defendant was not prejudiced by the grand jury testimony.  Defendant's counsel had a full opportunity to exploit [the witness's] alleged inconsistent statements, and 'the critical and final place to detect perjury is on trial when the witness must face the accused before the world and expose [himself] to the rigors of cross-examination and other hazards including contempt.'"  *Treadwell*, 594 F. Supp. at 836 (internal citations omitted).

---

[7]    "Absent a substantial showing of prosecutorial abuse of discretion, courts will not review a prosecutor's immunization decision."  *United States v. St. Michael's Credit Union*, 880 F.2d 579, 598 (1st Cir. 1989) (quoting *United States v. Flomenhoft,* 714 F.2d 708, 713–14 (7th Cir. 1983)).

### C.    Second Motion to Supplement

Mr. Pelletier's April 6, 2015 motion to supplement offers the Court additional legal authority and arguments on five issues, including the following assertions: (1) that the Government failed to assert in the indictment a specific drug quantity sufficient to trigger a life sentence; (2) ineffective assistance of counsel regarding the alleged inadequacy of the indictment on drug quantity grounds; (3) ineffective assistance for failing to object to aspects of the Court's calculation of the restitution payable to the Social Security Administration; (4) ineffective assistance regarding the conversion calculation of marijuana price to pounds; and (5) recent opinions that allegedly cast doubt on whether prior felony drug-trafficking convictions qualify as predicates to implicate a mandatory life term. *Pet'r's Second Mot. to Suppl.* at 1-7.

### 1.    Alleged Insufficient Indictment on Drug Quantity

Mr. Pelletier claims that it was plain error for his life sentence to be premised on an aggravated penalty provision when his indictment did not allege the requisite amount of marijuana to trigger the enhanced sentence. *Id.* at 1-4.  In response, the Government first raises limitations period and procedural default arguments.  *Resp't's Second Resp.* at 5.   Foremost, the Government argues that this claim is time-barred, contending that Mr. Pelletier raised the issue for the first time in the April 2015 motion, which was filed after the expiration of the one-year limitations period in 28 U.S.C. §

2255(f)(1) ("A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final").[8]  Additionally, the Government asserts that because Mr. Pelletier failed to raise this challenge to the indictment before or during trial under Federal Rule of Criminal Procedure 12(b)(3)(B), he cannot subsequently litigate it in § 2255 proceedings absent a showing of exceptional circumstances.  *United States v. Gonzalez*, No. 90-1088, 1990 U.S. App. LEXIS 16964, *12 (1st Cir. Sept. 11, 1990).[9]  Moreover, the Government contends that Mr. Pelletier procedurally defaulted his claim by failing to raise it on direct appeal.  *Damon v. United States*, 732 F.3d 1, 4 (1st Cir. 2013) ("Under the longstanding "procedural default" rule, '[a] nonconstitutional claim that could have been, but was not, raised on appeal, may not be asserted by collateral attack under § 2255 absent exceptional circumstances'") (internal citations omitted).

Mr. Pelletier did not raise this issue regarding the alleged insufficiency of the indictment until almost two years after his judgment became final.  As such, his claim is time barred under 28 U.S.C. § 2255(f)(1).  Also, Mr.

---

[8]     The conviction became final on May 29, 2013.  *See Pelletier v. United States*, 132 S. Ct. 2683 (2012); *see also Rec. Dec.* at 17-18 n.22 ("The one-year limitations period started on May 30, 2012, which was the day after the date on which the Supreme Court denied the petition for certiorari, and it ended on the one-year anniversary of that date, i.e., May 30, 2013.  *See* FED. R. CIV. P. 6(a)(1)(A), (C); [*Turner v. United States*, 699 F.3d 578, 584 (1st Cir. 2012)] (citing *In re Smith*, 436 F.3d 9, 10 (1st Cir. 2006)) (noting that a decision is final when the petition for certiorari is denied); *Lattimore v. Dubois*, 311 F.3d 46, 54 (1st Cir. 2002) (noting that the last day of a limitations period measured in years is the anniversary date of the start of the limitations period")).

[9]     ". . . Rule 12(b)(2)-styled allegations of defects in an indictment may not be raised for the first time in a § 2255 petition unless exceptional circumstances are shown."  *Gonzalez*, 1990 U.S. App. LEXIS 16964, *12.

Pelletier has not presented exceptional circumstances as to why he did not raise the issue before or during trial or on appeal.  Mr. Pelletier is procedurally defaulted from raising his claim.

Moreover, the caselaw relied upon by Mr. Pelletier does not support his position.  For example, *United States v. Zavala-Marti*, 715 F.3d 44 (1st Cir. 2013) does not support Mr. Pelletier's argument regarding the indictment, as that case involved the imposition of a general life sentence, not linked to any one count.  *Id.* at 50.  Also, unlike *Zavala-Marti*, Mr. Pelletier's life sentence was authorized by the jury's verdict and the statute cited by the indictment. *See Indictment* at 2 (ECF No. 1); *Zavala-Marti*, 715 F.3d at 50.  *Zavala-Marti* was also on direct appeal, not a collateral proceeding under § 2255 as is the case here.  *See Damon*, 732 F.3d at 4.  *United States v. Gonzalez*, 686 F.3d 122 (2d Cir. 2012), also relied upon by Mr. Pelletier, was on direct appeal, not a § 2255 petition.

### 2.    Alleged Ineffective Assistance Regarding Insufficient Indictment on Drug Quantity

Mr. Pelletier claims ineffective assistance of trial and appellate counsel for failure to object to the omission of any drug quantity in the indictment. *Pet'r's Second Mot. to Suppl.* at 2.  However, as this issue was raised for the first time in the April 2015 motion – filed after the expiration of the one-year limitations period in 28 U.S.C. § 2255(f)(1) – it is time barred.  *See supra*, Section II(C)(1).  Moreover, to succeed under a Sixth Amendment ineffective assistance of counsel claim, Mr. Pelletier must show deficient performance of

11

counsel and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Mr. Pelletier has failed either to allege or show prejudice in this matter. Indeed, the First Circuit found that "[s]ufficient evidence existed for a reasonable jury to have found beyond a reasonable doubt that Pelletier conspired to impart and possess with intent to distribute 1,000 kilograms or more of marijuana." *Pelletier*, 666 F.3d at 12.

### 3. Alleged Ineffective Assistance Regarding Restitution Calculations

Mr. Pelletier submits that defense counsel was constitutionally deficient in failing to object to the Social Security Administration restitution payments that equaled all payments made to Mr. Pelletier "throughout his period of disability," and not advocating for restitution for only payments made to him within five-years of his indictment. *Pet'r's Second Mot. to Suppl.* at 5. Again, under 28 U.S.C. § 2255(f)(1), this issue is time barred. *See supra*, Section II(C)(1-2). Moreover, this claim is not cognizable in § 2255 proceedings. The recommended decision addressed this issue, noting that claims for the return of property, and claims for ineffective assistance of counsel regarding the return of property, are not cognizable in a § 2255 motion.[10] *Rec. Dec.* at 31.

---

[10]    *See Smullen v. United States*, 94 F.3d 20, 25-26 (1st Cir. 1996) (holding that the Court lacked jurisdiction to grant relief on the petitioner's restitution claim, and a claim of ineffective assistance on the issue of restitution likewise fails); *Rodriguez v. United States*, 132 F.3d 30 (1st Cir. 1997) (unpublished) (holding that a complaint for "relief from a monetary-type penalty" rather than release from confinement, is not cognizable in a section 2255 proceeding); *United States v. Allison*, 165 F.3d 20 (4th Cir. 1998) (unpublished) (dismissing without prejudice a forfeiture claim brought in the context of a section 2255 motion).

### 4.     Alleged Ineffective Assistance Regarding the Money to Drug Calculation

Mr. Pelletier insists that his counsel was ineffective for failing to argue that the Court incorrectly used the $1,000-per-pound purchase price for marijuana when converting into drug quantity the estimated $310,000 that Michael Easler stole from Mr. Pelletier. *Pet'r's Second Mot. to Suppl.* at 6. In addition to being timed barred under 28 U.S.C. § 2255(f)(1), this issue is meritless. As was determined by the First Circuit, the 250 to 300 pounds (113.39 to 140.61 kilograms) of marijuana attributed to the money Mr. Easler stole from Mr. Pelletier was in addition to the 1,360.76 kilograms already accounted for from Mr. Hafford's and Mr. Easler's smuggling efforts. *Pelletier*, 666 F.3d at 12. The quantity attributed to the money stolen by Mr. Easler was not required to reach the 1,000 kilogram threshold the Court used to sentence Mr. Pelletier, and thus he has not shown ineffective assistance of counsel.

### 5.     Alleged Actual Innocence on Enhanced Sentence

Finally, Mr. Pelletier claims that recent opinions "create doubt on whether" his prior felony drug-trafficking convictions qualified as predicates to implicate the mandatory life term set out in 21 U.S.C. § 841(b)(1)(A). *Pet'r's Second Mot. to Suppl.* at 7. Mr. Pelletier cites three cases to support his proposition: *United States v. Brooks*, 751 F.3d 1204, 1210-11 (10th Cir. 2014); *United States v. Haltiwanger*, 637 F.3d 881, 883-84 (8th Cir. 2014);

13

and *United States v. Simmons*, 649 F.3d 237, 243-45 (4th Cir. 2011).[11]  *Pet'r's Second Mot. to Suppl.* at 7.

Again, for the reasons stated above, this issue is timed barred under 28 U.S.C. § 2255(f)(1).  Second, the cases cited by Mr. Pelletier hold that "the government cannot rely upon a hypothetical worst offender to whom a recidivist enhancement would apply in determining the maximum possible punishment applicable to the actual defendant when he or she was sentenced for the predicate offense."  *Resp't's Second Resp.* at 8.  These cases do not help Mr. Pelletier.  His sentence was enhanced under 21 U.S.C. § 841(b)(1)(A) based on a clear record showing at least two prior drug-trafficking convictions to terms exceeding one year, not on a hypothetical worst offender that might have been convicted of a felony offense.[12]  *See Information to Establish Prior Conviction* (ECF No. 181).

### D.    Motion to Amend

Mr. Pelletier seeks to amend his amended § 2255 petition under Federal Rule of Civil Procedure 15(c), claiming that because Count 4 of the Indictment was dismissed during the trial, the Court lacked the authority to order the forfeiture of property that was the subject of the dismissed charge.  *Pet'r's Mot. to Amend* at 1-2.  The Government requests the Court to deny the

---

[11]     Mr. Pelletier cited *United States v. Simmons,* 635 F.3d 140 (4th Cir. 2011), but upon review it appears he intended to cite *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011), in which the Fourth Circuit granted a rehearing en banc.

[12]     Pelletier was in fact sentenced in Maine to seven years in jail with all but four years suspended for an aggravating-trafficking offense and to a consecutive five-year jail term on a separate aggravating-trafficking conviction.  *Revised Presentence Investigation Report* ¶ 42, 45.

14

motion, or in the alternative dismiss the claim, as the issue was sufficiently addressed in the recommended decision. *Resp't's Obj.* at 3-4.

The Court grants Mr. Pelletier's motion to amend but, even as amended, dismisses his claim. As previously discussed, *supra* II(C)(3), the recommended decision addressed this issue, noting that claims for the return of property, and claims for ineffective assistance of counsel regarding the return of property, are not cognizable in a § 2255 motion. *Rec. Dec.* at 31; *see also United States v. Allison*, 165 F.3d 20 (4th Cir. 1998) (unpublished) (dismissing without prejudice a forfeiture claim brought in the context of a § 2255 motion).

### E.    Recommended Decision

The Court has reviewed and considered the Magistrate Judge's recommended decision, together with Mr. Pelletier's three subsequently filed motions and the entire record; the Court has made a <u>de novo</u> determination of all matters adjudicated by the Magistrate Judge's recommended decision; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his recommended decision, and determines that no further proceedings are necessary.

## III.    CONCLUSION

1. It is therefore <u>ORDERED</u> that the recommended decision (ECF No. 712) of the Magistrate Judge be and hereby is <u>AFFIRMED</u>.

2. It is further <u>ORDERED</u> that Michael Pelletier's three motions to amend (ECF No.'s 690, 710, and 722) be and hereby are <u>GRANTED</u>.

3. It is further <u>ORDERED</u> that Michal Pelletier's motion for discovery (ECF No. 708) be and hereby is <u>DISMISSED</u> as moot.

4. Accordingly, it is hereby <u>ORDERED</u> that Michael Pelletier's 28 U.S.C. § 2255 Motion (ECF No. 682) and amended 28 U.S.C. § 2255 Motion (ECF No. 691) be and hereby are <u>DENIED</u>.

5. It is further <u>ORDERED</u> that no certificate of appealability should issue in the event the Michael Pelletier files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.


<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE


Dated this 24th day of November, 2015