## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

UNITED STATES OF AMERICA    )
         )
    v.              )        1:06-cr-00058-JAW
         )
MICHAEL PELLETIER        )

## SUPPLEMENT TO ORDER ON DEFENDANT'S MOTION TO ENLARGE TIME

On April 14, 2020, Michael Pelletier filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *Def.'s Mot./Pet. for Compassionate Release* (ECF No. 804). On April 16, 2020, the Government filed a response in opposition to Mr. Pelletier's compassionate release motion, objecting to Mr. Pelletier's motion on the merits and because the Government asserted Mr. Pelletier had not properly exhausted his administrative remedies. *Gov't's Obj. to Def.'s Mot. for Compassionate Release* (ECF No. 806). Pursuant to Mr. Pelletier's request, the Court appointed counsel for Mr. Pelletier on April 22, 2020. *Order Dismissing Mot. to Appoint Counsel as Moot* (ECF No. 808). On April 30, 2020, Mr. Pelletier filed an unopposed motion to extend time to reply to the Government's response. *Unopposed Mot. to Enlarge Time to Suppl. Def.'s Mot. for Compassionate Release* (ECF No. 809). The Court granted this motion on May 1, 2020. *Order Granting Mot. to Extend Time* (ECF No. 811).

The Court does not know whether Mr. Pelletier intends to address the Government's exhaustion arguments, nor does it intend, with this order, to demarcate its view of the exhaustion question. However, should Mr. Pelletier decide

to put the exhaustion question to rest by making an additional request to the warden

of his facility prior to filing his supplemental memorandum with the Court, the Court

writes to inform the parties of a potential concern.

In *McNeil v. United States*, 508 U.S. 106 (1993), the Supreme Court was

confronted with a situation in which the plaintiff filed a complaint under the Federal

Tort Claims Act without first exhausting administrative remedies, as required by 28

U.S.C. § 2675(a).  *Id.* at 107-09.  Section 2675(a) states, "[a]n action shall not be

instituted upon a claim against the United States for money damages . . . unless the

claimant shall have first" fully exhausted administrative remedies.  28 U.S.C. §

2675(a).  After filing the complaint, but before substantial progress had been made in

the litigation, the plaintiff complied with the exhaustion requirement.  *McNeil*, 508

U.S. at 108-09.  The Supreme Court held that the district court properly dismissed

the complaint for failure to exhaust administrative remedies, as the claim had been

instituted prior to compliance with the exhaustion provision.  *Id.* at 111-13.

The exhaustion provision of 18 U.S.C. § 3582(c)(1)(A) reads:

> The Court may not modify a term of imprisonment once it has been
> imposed except that—(1) in any case—(A) the court . . . upon motion of
> the defendant after the defendant has fully exhausted all administrative
> rights to appeal a failure of the Bureau of Prisons to bring a motion on
> the defendant's behalf or the lapse of 30 days from the receipt of such a
> request by the warden of the defendant's facility, whichever is earlier,
> may reduce the term of imprisonment . . . .

The Court does not suggest that it has decided the principles articulated in *McNeil*

are controlling or apply here.  However, given the time-sensitive nature of Mr.

Pelletier's request, the Court thought it prudent to alert counsel so that the parties

may consider the issue now—before the completion of briefing—rather than after the motion is taken under advisement. Should Mr. Pelletier wish to dismiss his pending motion to resolve the exhaustion issue, the Court's practice is to specify that the dismissal is without prejudice. *United States v. Crosby*, No. 1:17-cr-00123-JAW, 2020 U.S. Dist. LEXIS 74494, at *6-7 (D. Me. Apr. 28, 2020).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of May, 2020